Plaintiff was represented by counsel at the hearing before the Deputy Commissioner. Counsel withdrew from the case and plaintiff appeared on his own behalf before the Full Commission. The Full Commission has determined that plaintiffs counsel is not entitled to any fee as a result of his representation of plaintiff.
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pfeiffer and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission reverses the Deputy Commissioners denial of benefits and enters the following Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a pretrial agreement dated July 7, 1998 as:
 STIPULATIONS
1. At all times relevant hereto an employer-employee relationship existed between plaintiff and defendant.
2. On the date of the injury giving rise to this claim, defendant was a duly qualified self insured, with Key Risk Management Services, Inc. acting as its servicing agent.
3. At all times relevant hereto, defendant regularly employed three or more employees and the parties are bound by and subject to the provisions of the North Carolina Workers Compensation Act.
4. The date of plaintiffs alleged injury by accident to his left shoulder was August 15, 1996. Defendant denied liability for this claim pursuant to a Form 61.
5. Stipulated into evidence in this matter were plaintiffs medical records and a letter written by Dr. Oweida dated October 5, 1998.
6. The issues addressed in the hearing before the Deputy Commissioner were whether plaintiff suffered a compensable injury by accident arising out of and in the course of his employment on August 15, 1996 and, if so, to what benefits is he entitled.
7. Plaintiffs average weekly wage and compensation rate was to be calculated, if necessary, based on a Form 22 to be submitted. Subsequent to the hearing before the Deputy Commissioner defendant submitted the Form 22, which was stipulated into the evidence in this matter and shows an average weekly wage of $563.62 resulting in a compensation rate of $375.76 per week.
***********
Based upon the greater weight of the competent and credible evidence of record in this matter and the reasonable inferences flowing therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On the date of the hearing before the Deputy Commissioner plaintiff was 36 years old, married and had no children. Plaintiff had attended a community college and a forklift driving school.
2. On the date of the injury giving rise to this claim, plaintiff was employed as a maintenance leader in defendants cushion division. Plaintiff had been employed by defendant for three years prior to August 15, 1996. He often opened the plant in the early morning hours and often helped others do their work although it was not part of his regular maintenance duties.
3. On August 15, 1996 plaintiff, while helping out in the foam division, lifted slabs of foam, placed them on a slitter, used the slitter to cut these slabs, then placed the strips of foam onto a pallet. He usually performed this operation as an aide to Danny Wilson. However, on August 15, 1996 Danny Wilson was working in another department of the plant and thus was not available to help plaintiff. Plaintiff grabbed a slab of three strips of foam and they were much heavier than he had anticipated and he had to jerk extra hard and give it an extra effort to toss it from left to right across his body onto the pallet. He knew right at that moment that he was hurt. He felt an immediate sharp pain in his left shoulder.
4. The unusual conditions of working alone and jerking extra hard and using an extra effort constituted an interruption of the normal job routines and the resulting injury is compensable as an injury by accident arising out of and during the course and scope of plaintiffs employment with defendant.
5. After this incident plaintiff told the foam team leader, a coworker who operated the slitter, and the plant manager that he had hurt his shoulder when moving the slabs of foam, and he was unable to continue lifting or moving them.
6. Following the injury to his left shoulder, plaintiff sought treatment from Dr. George Raad. Plaintiff treated with Dr. Raad until December 11, 1996, when Dr. Raad referred him to Dr. S. J. Oweida. On or about December 27, 1996 Dr. Oweida performed a left shoulder arthroscopy, which showed a tear of the glenoid labrum. After surgery plaintiff continued to follow up with Dr. Oweida, and he had an independent medical evaluation with Dr. Lehman on June 25, 1998.
8. Plaintiff left the employ of defendant on November 29, 1996, and went to work for another employer at the same or greater wages. As of the date of the hearing before the Deputy Commissioner, plaintiff was employed in electrical maintenance.
9. Dr. Oweida rendered an opinion, and the Full Commission finds as a fact, that plaintiff suffered a 13% permanent partial disability of his arm as a result of the compensable injury. Plaintiff lost only a half days work as a result of his first surgery. However, at oral argument plaintiff reported a second surgery which resulted in loss of work of three weeks.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant on August 15, 1996. The unusual conditions of working alone and jerking extra hard and using an extra effort constituted an interruption of the normal job routines and the resulting injury is compensable as an injury by accident arising out of and during the course and scope of plaintiffs employment with defendant. N.C. Gen. Stat. 97-2(6).
2. Plaintiff is entitled to have defendant pay for all medical expenses incurred, or to be incurred, as a result of plaintiffs injury by accident, so long as such evaluations, examinations, and treatment are reasonably required to effect a cure, give relief, and tend to lessen plaintiffs disability, subject to the limitations of N.C. Gen. Stat. 97-25. 1. N.C. Gen. Stat. 97-25, 97-2(19).
3. Plaintiff is entitled to permanent partial disability compensation of $375.76 per week for 31. 2 weeks for the 13% rating of his arm following his first surgery. Plaintiff may also be entitled to further permanent partial disability as a result of his second surgery. N.C. Gen. Stat. 97-31.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay to plaintiff compensation at the rate of $375.76 per week for 31.2 weeks for the 13% percent permanent partial disability to his arm he sustained as a result of his injury. This amount has also accrued and shall be paid in a lump sum, including interest at 8% per year from the date of the hearing before the Deputy Commissioner.
2. Subject to the limitations of N.C. Gen. Stat. 97-25.1, defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiffs period of disability. This specifically includes plaintiffs first and second surgeries.
3. Defendant is ORDERED to confer with plaintiff to determine whether agreement can be reached regarding lost time as a result of the second surgery. Defendant shall report the results of that conference to the undersigned within 30 days of the filed date of this Opinion and Award.
4. Defendant shall pay the costs of this action.
This 23rd day of August 2000.
S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER